UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| HANAN ELATR KHASHOGGI,<br><br>    Plaintiff,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LTD.<br>and Q CYBER TECHNOLOGIES LTD.,<br><br>    Defendants. | Case No. 1:23-cv-779-LMB-LRVVAED<br><br>Action Filed:   June 15, 2023 |

### DEFENDANTS' NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Rule 5, Defendants NSO Group Technologies LTD. and Q Cyber Technologies LTD. submit this non-confidential Memorandum in Support of Motion for Leave to File under Seal ("Motion to Seal"), filed in conjunction with their Motion to Dismiss. Local Rule 5(c) requires that a party seeking to file a document under seal provide: (1) a non-confidential description of what material has been filed under seal; (2) a statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request; and (3) references to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied. All of these requirements are satisfied here.

### BACKGROUND

The Complaint was filed on June 15, 2021. (Dkt. No. 1.) On September 24, 2023, Defendants filed an unopposed motion for entry of a limited protective order with regard to certain sensitive and highly confidential documents Defendants intend to provide to the Court in support of their Motion to Dismiss. (Dkt. No. 19.) The Court entered the limited protective order on September 25, 2023. (Dkt. No. 20.)

Consistent with the limited protective order, Defendants seek leave to file under seal (1) certain language in the Declaration of Aaron S. Craig filed concurrently with this Motion to Seal,

(2) certain language in their Motion to Dismiss, and (3) certain language in the Declaration of Roy Blecher in Support of the Motion to Dismiss and the accompanying Exhibits. These documents, which Defendants are filing in both sealed and redacted public versions, are collectively referenced as the "Sealed Documents." Defendants respectfully request that the Sealed Documents remain under seal because they are sensitive and highly confidential and public disclosure would severely prejudice Defendants and absent third parties. For more information about matters relevant to Defendants' Motion to Seal, the Court is respectfully referred to paragraphs 3 through 12 of the accompanying Craig Declaration.

Given the nature of the information contained in the Sealed Documents, which is explained in further detail in the Craig Declaration, no less-restrictive approach to the Sealed Documents would adequately protect Defendants and third parties. Defendants have closely analyzed each of the Sealed Documents and are asking the Court to seal only the bare minimum amount necessary, pursuant to Local Rule 5(c).

## LEGAL STANDARDS

Although motions to dismiss are subject to a presumptive common-law right of access, that right of access can be overcome "if competing interests outweigh the public's interest in access." *iControl Networks, Inc. v. Alarm.com Inc.*, No. 1:13cv00834 LMB/IDD, 2013 WL 9838105, at *3 (E.D. Va. Dec. 11, 2013); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988).[1] The court may consider factors such as "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would

---

[1] In other contexts, the First Amendment may also provide a right of access. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180–81 (4th Cir. 1988). In the context of motions to dismiss, however, the First Amendment does not apply, leaving only the common-law right of access. *See U.S. ex rel. Carter v. Halliburton Co.*, No. 1:10cv864, 2011 WL 2077799, at *2 (E.D. Va. May 24, 2011) ("As to whether the common law presumption or the more-stringent First Amendment guarantee applies in the motion to dismiss context, this Court has previously applied the common law presumption of access to documents relevant to its consideration of a motion to dismiss."); s*ee also GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09cv123, 2009 WL 1248114, at *8–9 (E.D. Va. Apr. 30, 2009). Even if the First Amendment applied here, the First Amendment right of access is overcome for the reasons stated in this Memorandum and accompanying Craig Declaration.

enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

## LEGAL ARGUMENT

With respect to the narrowly tailored portions of the Sealed Documents that Defendants seek to seal, Defendants' interests outweigh the public's interest in access. The Sealed Documents contain highly sensitive non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). The accompanying Craig Declaration substantiates this argument and shows that Defendants' competing interests outweigh the public's interest in access to the Sealed Documents. Additionally, the Craig Declaration establishes that (1) Defendants are not seeking to seal the Sealed Documents for any improper purpose, (2) the release of the Sealed Documents would not enhance a public's understanding of an important historical event, and (3) the public has not already had access to the information contained in the Sealed Documents. Accordingly, Defendants respectfully request that the Court grant this Motion to Seal and order the Sealed Documents be kept under seal.

## CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion to Seal and order the Sealed Documents to be kept under seal.

Should the Court deny this Motion to Seal, in whole or in part, Defendants request that any portions of the Sealed Documents for which sealing was both requested and denied be considered withdrawn and that any such information not be publicly filed.

DATED: September 29, 2023

KING & SPALDING LLP

By: */s/ Edmund Power*
ASHLEY C. PARRISH (Bar No. 43089)
aparrish@kslaw.com
EDMUND POWER (Bar No. 65841)
epower@kslaw.com
KING & SPALDING LLP
1700 Washington Ave., NW, Suite 900
Washington, DC 20006
Telephone:     (202) 737-0500
Facsimile:     (202) 626-3737

JOSEPH N. AKROTIRIANAKIS (pro hac vice)
jakro@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:     (213) 443-4355
Facsimile:     (213) 443-4310

*Attorneys for Defendants NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.*