UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| HANAN ELATR KHASHOGGI,<br><br>Plaintiff,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LTD.<br>and Q CYBER TECHNOLOGIES LTD.,<br><br>Defendants. | Case No. 1:23-cv-779-LMB-LRVVAED<br><br>Action Filed: June 15, 2023 |

### CONFIDENTIAL DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVETO FILE UNDER SEAL

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies LTD. and Q Cyber Technologies LTD. This Declaration is made in support of Defendants' September 29, 2023, Motion for Leave to File Under Seal. I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact.

2. The Complaint was filed on June 15, 2021. (Dkt. No. 1.) On September 24, 2023, Defendants filed an unopposed motion for entry of a limited protective order with regard to certain sensitive and highly confidential documents Defendants intend to provide to the Court in support of their Motion to Dismiss. (Dkt. No. 19.) The Court entered the limited protective order on September 25, 2023. (Dkt. No. 20.)

3. Defendants seek to file under seal documents (the "Sealed Documents"[1]) related to Defendants' Motion to Dismiss. Sealing of these documents is necessary to ███████ ███████████████████████████████████████████████████ ███████████████████████████████ that are being provided as exhibits 1-7 hereto. ██ ███████████████████████████████

---

[1] The Sealed Documents are enumerated below in paragraph 12.

███ Nevertheless, the existence of ███ is material to certain issues in this case, including Defendants' Motion to Dismiss. The Sealed Documents contain highly sensitive, traditionally nonpublic ███ information that ███ ███ ███ and ███ militates in favor of this Court's sealing documents that contain references to information that ███ ███ ███

4. On July 19, 2020, the ███ ███ copy of which is attached as **Exhibit 1**. The ███ ███ ███ The ███ ███ ███ ███

---

[2] ███ ███ ███

[3] The Office of the ███ ███

███████ The ████████████ Defendants from making ████████ ████████████████████████████ with respect to ████████████████ ████████████████████████ Defendants.  (Exh. 1 at 2 (emphasis added).)  This was not an ████████████████████████████████ it was a ████████████ for the purpose of ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ (*Id.* at 1-2.)

5. On July 19, 2020, the ████████████████████████████ ████████████████████████████████████████ ████████████████████████████ copy of which is attached as **Exhibit 2**. ██████ ████████████████████████ was necessary ██████████████████████ ████████████ (Exh. 2 at 1.) ██████████████████████████ Defendants from ██████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ (*Id.*) The ██████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████ (*Id.* at 1-2.)  The ████████████ ████████████████████████████████████████ ████████████████████████████████████ ████████████████████████████ (*Id.* at 3.)

6. On July 19, 2020, ████████████████████████████ ████████████████████████████████████ copy of which is attached as **Exhibit 3**.  It notified Defendants ████████████████ and explained that ████████████ ████████████████████████████

███████████████████████████████ (Exh. 3 ¶ 3.) ███████████

██ Defendants that they are █████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ including a ███████████████████

████████████████████████████████████████████████████████

██████████ (Id. ¶ 2.)

7. On January 10, 2022, ██████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████ copy of which is attached as **Exhibit 4**. ████████████

████████████████████████████████████████████████████████

██████████████████████████████████ (Exh. 4 ¶ 4.) █████████

███████████████████████████████ NSO ████████████████████

██████████████████████████ (Id. ¶ 5.) ███████████████████

████████████████████████████████████████████████ i.e., that they

could be █████████████████████████████████████████████

████████████████████████████████████ subject to a Protective Order.

8. On January 17, 2022, ████████████████████████████

████████████████████████████████ copy of which is attached as **Exhibit**

**5**. It notified Defendants about the ████████████████ and explained that ██████████

████████████████████████████████████████████████████████

██████████████████████████████████ (Exh. 5 ¶ 3.) █████████

██ Defendants that ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███ (*Id.* ¶ 2.)

9. On May 21, 2023, ███ ███ ███ copy of the ███ is attached as **Exhibit 6**. ███ copy of the ███ is attached as **Exhibit 7** and described in paragraph 11 below. The ███ ███ (Exh. 6 ¶ 3); that ███ ███ ███ (*id.* ¶ 4); and that ███ ███ ███ (*id.*, ███), provided that they are ███ ███ (*id.*, ███). The ███ on July 20, 2023. (*Id.*, ███.) While the ███ ███ of Exhibit 6,[4] the ███ clear to NSO, ███ ███

**The** ███

10. The information that Defendants are seeking to keep under seal regarding the ███ ███ At the time Defendants first received the July 19, 2020 ███ Defendants from ███ (Exh. 3 ¶¶ 4-6.)

11. The ███ copy of which is attached as **Exhibit 7**, was ███

---

[4] The items to be ███ ███ are described in a document titled ███ ███ (*See* Exh. 6 ¶ 3.) NSO has never received this document.

███████████████████████████ (Exh. 7 ¶ 2.) The ███████████

██████████████████████████████████████ described herein, including: ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ (*Id.* ¶ 2(1)-(6).) However, the ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ (*Id.* ¶ 4 (a)-(b).) As relevant here,

the █████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████ (*Id.* ¶ 5.c.)

12.     Defendants seek to file under seal: (1) certain language on pages 3-5, 12-13, 17-19, 21-22 of Defendants' Motion to Dismiss; (2) certain language in paragraphs 3-8 of the Declaration of Roy Blecher in Support of Defendants' Motion to Dismiss and the entirety of Exhibits A through D to that declaration; and (3) portions of paragraphs 3-11 and 13 of this Declaration.

13.     Defendants' competing interests heavily outweigh the public's interest in access to these portions of the Sealed Documents because they come from or make reference to non-public ██████████████████ and non-public ████████████████████████ which are subject to ████████████████████████

    a.    *First*, the Sealed Documents contain information that relates to █████ ████████████████████████████████████████████████████ ████████████████ As such, the Sealed Documents contain traditionally nonpublic information for which there is no constitutional right of access. *See, e.g.*, *N.Y. Times Co. v. U.S.*

*Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally nonpublic government information.") The fact that the documents were issued by ▆▆▆▆ and contain highly sensitive, non-public information ▆▆▆▆ "alone counsels in favor of finding that there is no presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a ▆▆▆▆ because it contained "highly sensitive, traditionally nonpublic ▆▆▆▆"); *see also In re Terrorist Attacks on Sept. 11, 2001*, 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents ▆▆▆▆ were designated as sensitive at the time of creation, and detailed information about the ▆▆▆▆).

      b.    *Second*, ▆▆▆▆ counsels that the Sealed Documents be kept confidential because the ▆▆▆▆ The U.S. Supreme Court has ▆▆▆▆ *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987). Information sealed ▆▆▆▆ *United States v. Sater*, 2019 WL 3288289, at *4 (E.D.N.Y. July 22, 2019). This is particularly true where, as in this case, the documents sought to be sealed "are not publicly accessible," ▆▆▆▆ *Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *see also Accent Delight Int'l Ltd. v. Sotheby's*, 2019 WL 2602862, at *9 (S.D.N.Y. Jun. 25, 2019) (holding that, ▆▆▆▆



▮▮▮▮. Because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

c.   *Third*, because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ public disclosure of the Sealed Documents would prejudice Defendants by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Because disclosure of the Sealed Documents would lead to such hardship, sealing is warranted. *See Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).

14. Accordingly, Defendants have rebutted the public's common-law right of access (and, if necessary, the First Amended right of access). Defendants respectfully request that the Court grant the accompanying Motion to Seal and order the Sealed Documents be kept under seal.[5]

15. The Declarant has carefully sought sealing of only those parts of this Declaration for which sealing is necessary for the reasons described above.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 29th day of September 2023, at Los Angeles, California.

                /s/ *Aaron S. Craig*
                AARON S. CRAIG

---

[5] To the extent the Court disagrees with Defendants' sealing request, Defendants respectfully request that the Sealed Materials and the unredacted version of this Declaration be stricken from the docket of this action and that any copies thereof be destroyed.